Caruthers, J.,
delivered the opinion of the Court.
Banks & Walker sued Keathy, as administrator of Linton, before a magistrate, for a debt against the intestate. Judgment was given for $184.52. Keathy appealed to the Circuit Court, and entered into bond with Cox, security, for double the judgment, conditioned that if the appeal was not successfully prosecuted, the apol-lant “ shall comply with, and perform the judgment of said Court.” Pending the case in the Circuit Court, Keathy died, and the suit was revived against his successor, in the administration, McDowel. Upon trial in the Circuit Court, a verdict was rendered in favor of the plaintiffs, for $226. But they found the plea of “no assets” in favor of the defendants. Whereupon judgment was rendered against the administrator, for the $226, to 5e levied of the goods, die., of the intestate, that might thereafter come to the hands of the defendant. But, upon motion, judgment was rendered against Cox, the surety *86 in the appeal bond, for the amount of the judgment and cost, for which execution was awarded.
The only question, is, whether this judgment against Cox, was right, and we think it was not. His bond does not bind him, in case of failure in the appellate Court, by his principal, to pay the debt, or amount for which judgment might be then given, in favor of the appellee, but it is to “perform the judgment of the Court.” That, of course, can only mean, such judgment as may be legally rendered against his principal, personally. And what is that, if the plea of “no assets,” or “fully administered,” is found for him, costs and damages only. This, then, is all, for which Cox, as surety, is bound by his undertaking.
An Administrator, in cases of appeal, is not required to give security for the debt or judgment against him. The reason is, that it is not the property of the administrator, that is proceeded against, in suits against him, as such, but the funds of the intestate debtor in his hands : Goin’s Heirs vs. Henderson, 5 Yer., 198. If this were otherwise, the absurd consequence would result, that, the administrator, without funds of his intestate, would indirectly, be made liable for the debt in cause, when he might feel it his duty to appeal to a higher tribunal ; for if the surety were made to pay the debt, he would be entitled to judgment against his principal, for the amount thus paid as surety.
This appeal bond should have been conditioned to pay costs and damages alone, but as it is, that is the proper construction to put upon it. If, however, it would not bear that construction, or, was in terms to pay the amount of money found due to the plaintiff, against the *87 estate, such illegal provision, or condition, would be rejected, and tbe bond held good, as for the costs and damages: Polk vs. Plummer, 2 Hump., 500.
This judgment, then, must be reversed, and the proper judgment rendered here, which is, that the plaintiff recover against McDowel, and Cox, the surety for the appeal, for the costs.